**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1892
_____

CONSOL PA COAL COMPANY;
CONSOL ENERGY, INCORPORATED,
Petitioners

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR; *GEORGETTA HELA,
as Personal Representative of the Estate of Stephen M. Hela

(*Pursuant to Fed. R. App. P. 43)
_____

On Petition for Review of an Order of the
Benefits Review Board
(BRB-1:21-0587 BLA)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 21, 2024

Before: RESTREPO, FREEMAN, and McKEE, *Circuit Judges*

(Opinion filed: September 17, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**FREEMAN**, *Circuit Judge*.

An Administrative Law Judge concluded that Stephen Hela is totally disabled due to a respiratory or pulmonary condition and awarded Hela disability benefits under the Black Lung Benefits Act ("BLBA"). The United States Department of Labor Benefits Review Board ("BRB") affirmed that decision. Hela's former employer, Consol PA Coal Company and Consol Energy, Inc. (collectively, "Consol"), petitioned this Court to review the BRB's decision. We will deny the petition.

**I**

Stephen Hela worked as an underground coal miner for 13.7 years. He last worked in coal mines in 2002, when a car accident rendered him unable to work. His last mine employer was Consol, and his usual coal mine work required heavy labor and involved coal dust exposure.

In 2018, Hela applied for disability benefits under the BLBA, 30 U.S.C. §§ 901–944. After a hearing, an ALJ concluded that Hela was entitled to benefits and ordered Consol to pay those benefits. The BRB affirmed, agreeing with each of the ALJ's factual findings.

Consol timely petitioned this Court for review. It argues that two of the ALJ's factual findings are not supported by substantial evidence, that the ALJ did not consider all relevant evidence in compliance with the appliable law, and that Hela has not established entitlement to benefits. We disagree.

**II**[1]

We review the BRB's decision only to determine "whether an error of law has been committed and whether the Board has adhered to its scope of review." *Kowalchick v. Director, OWCP*, 893 F.2d 615, 619 (3d Cir. 1990). In doing so, we independently review the record and decide whether the ALJ's findings are supported by substantial evidence, which is "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 619–20 (citations omitted). We review the BRB's legal determinations de novo. *Helen Mining Co. v. Dir. OWCP*, 650 F.3d 248, 254 (3d Cir. 2011).

To qualify for black lung benefits, a claimant must prove that (1) he has pneumoconiosis, (2) the pneumoconiosis arose from his coal mine employment, (3) he is totally disabled, and (4) pneumoconiosis caused his disability. *See* 20 C.F.R. §§ 718.201–204. The ALJ found that Hela proved all four requirements. Consol challenges the ALJ's findings of pneumoconiosis and total disability, but each of these findings was supported by substantial evidence. Because Hela has proven all four requirements, he is entitled to benefits.

**A**

Pneumoconiosis, also known as black lung disease, has two definitions—one "clinical" and one "legal." 20 C.F.R. § 718.201(a). A claimant satisfies the BLBA's

---

[1] We have jurisdiction over this petition pursuant to 33 U.S.C. § 921(c), as incorporated by 30 U.S.C. § 932(a).

pneumoconiosis requirement if he establishes that he has the disease under either definition. *Id.* § 718.201(a).

Here, the ALJ found that Hela has both clinical and legal pneumoconiosis. On appeal, the BRB affirmed the ALJ's legal pneumoconiosis finding, so it did not address the clinical pneumoconiosis finding. We, too, conclude that substantial evidence supports the ALJ's legal pneumoconiosis finding.

"'Legal pneumoconiosis' includes any chronic lung disease or impairment and its sequelae arising out of coal mine employment." 20 C.F.R. § 718.201(a)(2). There are four permissible means of establishing its existence, and two are relevant here: x-rays and physician opinion evidence. 20 C.F.R. § 718.202(a). The ALJ considered both before finding that Hela has legal pneumoconiosis.

Consol contests the ALJ's treatment of the physician opinion evidence. The ALJ considered the opinions of five physicians: Drs. Celko, Go, Sood, Basheda, and Rosenberg. Two of these physicians (Drs. Celko and Go) diagnosed Hela with legal pneumoconiosis in the form of obstructive lung disease and chronic bronchitis arising out of coal mine employment. A third physician (Dr. Sood) diagnosed legal pneumoconiosis in the form of chronic obstructive pulmonary disease (COPD) with mixed chronic bronchitis and emphysema arising out of coal mine employment. The remaining two physicians (Drs. Basheda and Rosenberg) opined that Hela does not have legal pneumoconiosis but has asthma unrelated to coal dust exposure.

As with any fact question with conflicting expert opinions, the ALJ had to weigh the opinions and decide whom to credit. She did so in a lengthy discussion of the

4

physicians' credentials, the strength of the medical evidence they reviewed, and whether their opinions were supported by medical literature and consistent with the applicable regulations. She provided record-based reasons for crediting the opinions of Drs. Celko, Go, and Sood and discrediting those of Drs. Basheda and Rosenberg.[2] She then considered the totality of the evidence in the record and determined that Hela suffers from legal pneumoconiosis. Consol disagrees with how the ALJ weighed each doctor's opinion, but the ALJ's credibility determinations were supported by substantial evidence. Thus, we will not disturb the legal pneumoconiosis finding.

B

A miner is totally disabled if he has a pulmonary or respiratory impairment that prevents him from performing his usual coal mine work and engaging in employment comparable to his previous work. 20 C.F.R. § 718.204(b)(1). Total disability can be established by (i) pulmonary function tests, (ii) arterial blood gas tests, (iii) pneumoconiosis and evidence of cor pulmonale with right-sided congestive heart failure, *or* (iv) a physician's reasoned medical judgment. *Id.* § 718.204(b)(2)(i)-(iv). The regulation lists these methods in the disjunctive. *Id.* It specifically provides that,

---

[2] Drs. Basheda and Rosenberg excluded coal mine dust exposure as a cause of Hela's pulmonary conditions because Hela developed the conditions and worsening symptoms after leaving coal mine employment. The ALJ found that inconsistent with the definitional regulation, which provides that pneumoconiosis is "a latent and progressive disease which may first become detectable only after the cessation of coal mine dust exposure." 20 C.F.R. § 718.201. The ALJ also explained that Dr. Basheda's opinion was poorly documented and undermined by the contrary opinions of Drs. Celko, Sood, and Go—opinions that she found well-reasoned, well-documented, and entitled to weight.

5

"[w]here total disability cannot be shown under [any of the first three listed methods], . . . total disability may nevertheless be found" based on a physician's reasoned medical judgment. *Id.* § 718.204(b)(2)(iv).

Here, the ALJ relied on physician opinion evidence to find Hela totally disabled. Consol argues that this was improper in light of Hela's pulmonary function and arterial blood gas tests that did not establish total disability. That argument is belied by the text of the regulation. Moreover, the ALJ conducted a thorough review of the test results and the physician opinions, and she explained why she was persuaded by the latter notwithstanding that certain test results did not independently establish disability.

Consol also argues that the ALJ improperly credited the three physicians who opined that Hela is totally disabled (Drs. Celko, Go, and Sood) and improperly discredited the two physicians who opined otherwise (Drs. Basheda and Rosenberg). Not so. The ALJ addressed each physician's opinion at length. She addressed the medical records and test results that each physician reviewed (some of which supported total disability and some of which did not), and she accorded weight to each opinion based on the strength and clarity of its reasoning.[3] Consol contends that the ALJ should have

---

[3] For instance, the ALJ recounted Dr. Celko's explanation that (1) Hela's moderate obstructive lung disease and pre-bronchodilator $FEV_1$ test results support total pulmonary disability, and (2) certain test results that were outside of the disability range nonetheless support total disability in Hela's case given the heavy labor that his last coal mine employment required. The ALJ found Dr. Celko's opinion well-reasoned and documented, and she accorded it weight. In contrast, the ALJ gave Dr. Basheda's opinion little weight because it was based on conflicting statements—(1) that "it would be inaccurate to assess any impairment at this time," and (2) that Hela does not have any

6

weighed the physician opinions and the underlying test results differently, but substantial evidence supports each of the ALJ's credibility determinations.  Furthermore, the record demonstrates that the ALJ weighed the entire record before making her total-disability finding, so there is no basis to disturb it.

*     *     *

For the foregoing reasons, we will deny the petition for review.

---

significant pulmonary impairment.  J.A. 223.  Substantial evidence supports each of these credibility determinations, despite Consol's protestations.  Consol's other arguments are similarly unavailing.